## LEMUEL JOHNSON *et al.* in Error, *versus* DANIEL SHED *et ux.*

Where the facts proved on the trial of an issue to the jury are reported by the judge, by consent of parties, for the opinion of the whole Court, error will not lie to reverse the judgment rendered upon the report.

In trespass *quare clausum* before a justice of the peace, the defendant pleaded not guilty as to part of the trespass, and as to the residue he justified under a demise from the plaintiff, and the action was thereupon removed into the Court of Common Pleas, pursuant to the statute. In that court the plaintiff new assigned a trespass after the expiration of the demise. The defendants filed a plea to the new assignment and the case was brought up to this Court upon a sham demurrer. Here the plea to the new assignment was waived, and the defendant pleaded to it anew. He then submitted to a default, subject to the opinion of the whole Court, and afterwards judgment was rendered for the plaintiff on the default. *It seems*, that whether the new assignment was properly or improperly allowed in the Common Pleas, the judgment should not be reversed on error on that account, for it did not appear by the record that the judgment was not rendered for a trespass proved to have been committed before the time mentioned in the new assignment, and if so, then the new assignment became immaterial, and this Court had jurisdiction of the case

But it was *held*, that if the pleadings were erroneous, error would not lie on that account, for they had been waived by the defendant's agreement to submit the case to the opinion of the Court.

ERROR to reverse a judgment of this Court. (See *Dorrell v. Johnson et al.* 17 Pick. 263.)

The action was commenced before a justice of the peace, on May 20, 1833, by Sally Dorrell, then sole and unmarried, but now the wife of Daniel Shed. It was trespass *quare clausum fregit*. The declaration alleged that the defendants, on the 1st of April, 1832, and on divers days and times between that day and the date of the writ, broke and entered the plaintiff's close and cut down and carried away ten cords of wood and twenty timber trees.

Robert B. Johnson, one of the defendants, pleaded 1. Not guilty, generally. 2. Not guilty as to part of the trespass, namely, as to cutting and carrying away the wood and timber trees, excepting so much thereof as was necessary for firebote and the reparation of fences and buildings on the premises ; and as to the residue, he set out a demise of the close to himself from the plaintiff for the term of one year from April 1,

1832, with the right to cut so much wood, &c. and then justi fied under the demise.

The other defendants pleaded in the same manner, except that they justified as the servants of Robert.

The action was then removed to the Court of Common Pleas, pursuant to the statute, (1783, c. 42, § 2,) without any further proceedings. In the Common Pleas the plaintiff replied by a new assignment of trespasses after the expiration of the demise, describing them to consist in breaking and entering the close and cutting down and carrying away ten cords of wood and twenty timber trees, and alleging them to be other and different trespasses from the supposed trespasses justified in the plea filed before the justice of the peace.

The defendants pleaded a bad plea to the new assignment, and the plaintiff filed a sham demurrer for the purpose of removing the action into this Court, and here the defendants waived their plea and obtained leave to plead double to the new assignment. They then pleaded severally to the new assignment. Robert B. Johnson pleaded not guilty as to part of the trespass, viz. as to cutting &c. so much wood &c., and as to the residue he set out a demise for a year from April 1, 1832, and for a second year unless he should give notice of his intention to quit, with liberty to cut &c., and he alleged that pursuant to the demise he held quiet possession to the date of the writ, and gave no notice, &c., and then justified under the demise. He also pleaded not guilty, generally. The other defendants pleaded in the same manner, except that they justified as the servants of Robert.

The plaintiff replied to the pleas in justification, that the demise to Robert was for one year and no more, that she gave him notice to quit, that after the expiration of the term she entered upon the close and became possessed of it, and that the defendants afterwards committed the trespasses newly assigned, &c. She replied to the several pleas of the other defendants in a similar manner.

The defendants rejoined severally to the replication.

The defendants likewise put in a joint plea of justification, to which the plaintiff replied, and the defendants rejoined.

The question presented by the several pleadings was whether

the plaintiff did enter and become possessed on the 4th of April, 1833 ; and that presented by the joint pleadings was, whether Robert continued in quiet possession from April 1, 1832, to the date of the writ.

At October term 1834, of this Court, a default was entered, oy order of the Court, subject however to the opinion of the whole Court, and at April term 1836, judgment was rendered on the default, for $10 damages, and costs of suit taxed at $121·03.

The errors assigned were, 1. That the new assignment was wrongly and improperly received, allowed and filed, in the Court of Common Pleas.

2. That the Supreme Judicial Court had no jurisdiction of the action, and that the same ought to have been dismissed.

3. That the declaration, process, new assignment and pleadings, are insufficient in law to support the judgment.

*B. Russell*, for the plaintiffs in error, cited 1 Chit. Pl. (1st Amer. ed.) 602 to 614 ; *Boynton* v. *Willard*, 10 Pick. 166 ; *Blood* v. *Kemp*, 4 Pick. 172 ; *Kelley* v. *Taylor*, 17 Pick. 218 ; *Copeland* v. *Bean*, 9 Greenl. 19 ; *Magoun* v. *Lapham*, decided October term 1836, in Middlesex ; *St.* 1783, *c.* 42, § 2.

*Farley*, for the defendant in error, cited *Alfred* v. *Saco*, 7 Mass. R. 380 ; *Carroll* v. *Richardson*, 9 Mass. R. 329 ; *Gray* v. *Storer*, 10 Mass. R. 163 ; *Wellington* v. *Stratton*, 11 Mass. R. 394.

WILDE J. drew up the opinion of the Court. The defendants object that no writ of error lies in this case, because the judgment was rendered by consent of parties on a case stated for the opinion of the Court. It appears by the record, that a default was ordered, but it is admitted that it was done with the original defendants' consent, and that the facts proved on the trial of an issue to the jury were reported, subject to the opinion of the whole Court. And such must be the inference from the record ; for the original defendants could not be oound to be defaulted without their consent. The judgment therefore must be considered as having been rendered as upon a case reported by consent of parties, which is substantially the same as a case stated by them. And for any mistake or

*Jan. 28th,*
*1839,*
*at Boston.*

*April term*
*1839.*

error in the rendition of judgment, in such a case, a writ of error does not lie ; as it has been repeatedly determined.

But the plaintiffs in error contend that there are manifest errors appearing on the record in the proceedings previous to the rendition of judgment, and that this Court was ousted of its jurisdiction of the action.  The exceptions are to the pleadings.  It has been argued, that the original plaintiff ought not to have been allowed to new assign in the Court of Common Pleas, and that the proceedings afterwards were *coram non judice*.  Whether the court did right or not in allowing the new assignment, it is very clear that the objection to the jurisdiction of the Court is entirely groundless.  The original defendants pleaded not guilty as to part of the trespasses as originally charged, namely, as to cutting and carrying away all the wood and timber trees mentioned in the declaration, excepting so much thereof as was necessary for fire-bote and the reparation of fences and buildings on the premises, and justified as to the residue of the trespass.  The Court therefore clearly had jurisdiction of this matter ; and nothing appears on the record to show that judgment was not finally for a trespass proved before the time mentioned in the new assignment, and if so, then the new assignment became immaterial.  But we are of opinion, that all the multifarious and unnecessary pleadings with which the case was encumbered, were virtually waived by the default, and that they are no part of the record.  The record shows a judgment by default.  The pleadings were filed, and so no doubt was the report of the judge, but they are not made a part of the record.  But if they were, and had not been waived, and the case had been decided on the pleadings, there still would be no ground to support this writ of error.

The objection is, that the new assignment should have been filed before the justice ; so that if the original defendants had pleaded not guilty to the newly assigned trespass, a trial might be had before the justice.  And the case of *Magoun* v. *Lapham* (October term 1836, in Middlesex) is relied on as an authority in point.  That case, however, does not maintain the objection.  That was an action of trespass *quare clausum*, but the close was not described in the declaration.  The defendant

pleadea soil and freehold in the heirs of one George B. Lapham, and thereupon the defendant was ordered to recognise to enter the action at the Court of Common Pleas as the statute directs. In the Court of Common Pleas the plaintiff made a new assignment, averring that the trespasses complained of were committed within a certain close, describing it by metes and bounds, and averring that the same close was another and different close from the one described in the defendant's plea. This new assignment was not allowed to stand, because, however the defendant might plead to it, the title to the close mentioned in the defendant's plea would become immaterial, and thus the jurisdiction of the justice might have been evaded. In that case, therefore, it was held, that the plaintiff should have moved the justice for liberty to amend his writ by describing his close, or to have newly assigned the trespasses, so as to give the defendant an opportunity to plead not guilty, and thus to avoid a protracted and expensive litigation.

There is, therefore, a material distinction between that case and this. In the former, all the trespasses charged in the declaration were newly assigned, and in the latter, a part only. As to some of the trespasses the trial was had on the pleadings before the justice, and it does not appear by the record that the judgment was not rendered for a trespass committed previous to the time limited by the new assignment. And besides, in the present case, if the original plaintiff had assigned anew before the justice, still the justice could not have tried the case, as the original defendants had pleaded title in one of them in justification, as to trespasses not embraced by the new assignment. Nor would it follow, if there were no distinction between the two cases, that the pleadings in this case were erroneous so as to vitiate the judgment; for although in that case the Court might interpose to prevent the original plaintiff from shifting her ground of action so as to evade the statute as to the jurisdiction of the justice of the peace, yet as the original defendants did not move the Court to interpose, but went to trial on issues which were certainly immaterial, the judgment ought not now to be reversed for the mutual mistake of the parties in their pleadings. On this point however it is not necessary to give ar opinion, for, as before remarked, we

consider the pleadings to have been waived by the defendants' default, and their agreement to submit the case to the opinion of the Court.

The judgment was rendered on the default, and not on the pleadings ; and nothing erroneous appears in the record of the judgment or of the proceedings.

*Judgment affirmed.    Judgment for defendants for costs.*